WILLIAM C. POPP,

*vs.*

WLADYSLAW KULESZA and TEOFIL KULESZA.

*New Castle, June 24, 1931.*

*Bayard W. Allmond,* for complainant.

*Victor J. Colombo,* for defendants.

THE CHANCELLOR: The relief prayed for is resisted on several grounds. Inasmuch as one of them is sufficient in itself to compel a dismissal of the bill, the other grounds need not be stated.

The complainant contracted to sell and convey to the defendants a good and marketable title to à lot of land in Wilmington, Delaware, lying "on the easterly side of Seventh Avenue, 112 feet from Brown Street, 167 feet 8 inches by 116 feet, between Brown and Coleman Streets." This description does not indicate whether the 167 feet 8 inches was the frontage on Seventh Avenue or the depth of the lot. The bill however alleges, the answer admits and the deed the complainant tendered shows, that the lot contracted for has a frontage on Seventh Avenue of 167 feet 8 inches and has a depth of 116 feet. Thus the bill and the answer render certain that which the contract left to uncertainty.

The complainant traces his title back to a deed executed by Helen A. Littell and four others to Mary Morris Littell on April 3, 1912. In that deed the description is of a lot on the easterly side of Seventh Avenue, 112 feet south of Brown Street, containing a frontage on Seventh Avenue of 116 feet and a depth of 168 feet 7 inches.

It therefore appears that the complainant has undertaken to sell to the defendants a lot having 167 feet 8 inches fronting on Seventh Avenue, whereas his record title traces from a lot having only 116 feet fronting on that Avenue. Inasmuch as the complainant shows no title other than a record one, it is manifest that he is unable to convey that which his contract calls for.

The complainant's solicitor contends that the description in the Littell deed is erroneous and the court should so hold. So far as the expressed dimensions of the description in that deed are concerned, there is no ambiguity. Yet the complainant seeks to have the court say that notwithstanding the lack of ambiguity in that regard the description is nevertheless erroneous. In other words, he seeks a finding that the grantors in the Littell deed intended to convey more of their frontage than their deed plainly called for. The only circumstance which the record in its present shape discloses to which the complainant refers as justifying his position is the fact that, on the same day the Littell deed was executed, another deed was executed by one of the parties to the former in her office of co-executor of her husband's estate, by which land having the description of 168 feet 7 inches fronting on Seventh Avenue and a depth of 116 feet was conveyed to the same grantee as is named in the Littell deed. The deed of the executrix was executed in obedience to an order of the Orphans' Court in Philadelphia County, Pennsylvania. Why it was executed; what was its purpose, and whether it conveyed any sort of title, and if so, from whom, are questions which the bill and answer, on which this cause is being heard, are silent upon. I do not understand the complainant to rely on this deed as

conveying in itself any marketable title. I understand it is referred to only for the purpose of establishing the contention that if it described a lot whose front was 168 feet 7 inches, the Littell deed before referred to must have intended to describe a lot with the same front instead of a front of 116 feet.

It is undoubtedly true that if there be an ambiguity or uncertainty of description in a deed, resort may under some circumstances be had to another instrument for the purpose of clarification. The complainant cites 18 *C. J.* § 249, *p.* 280, as authority for that proposition. The proposition is sound. The complainant's case however does not show any circumstance which would justify a resort to the executors' deed for any aid in discovering the intent of the Littell deed. As before noted the description in the Littell deed is perfectly plain in the particulars in which the complainant seeks to alter it. Furthermore, how the fact that, on the same day that five grantors executed a deed to a grantee containing a given description, one of those grantors joined in a representative capacity of coexecutor of an estate in another deed to the same grantee conveying land by a description larger in frontage than and inclusive of the former, shows that the five grantors in the former intended to use the larger and more inclusive description, it is impossible for me to see. I made some examination of the authorities cited in support of the text in 18 *C. J.*, referred to above, to see if there might possibly be some thought in this connection which had escaped my notice and which would justify a resort to the executrix's deed for elucidating assistance. I found none. A review of the authorities is not deemed necessary in order to point out their inapplicability to such facts as the case in hand presents.

The bill must be dismissed. In decreeing a dismissal, however, I do not wish to be understood as pronouncing the complainant's title absolutely unmarketable. There

may be facts not shown by the pending bill and answer which would support the title as a marketable one. All that the decree will mean is that as against the defendants the complainant has not on the present case shown himself entitled to the relief prayed for.

Decree accordingly.